FLOYD H. DANIELS AND KAY DANIELS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Daniels v. Commissioner
Docket No. 10537-88
United States Tax Court
T.C. Memo 1989-336; 1989 Tax Ct. Memo LEXIS 332; 57 T.C.M. (CCH) 950; T.C.M. (RIA) 89336; July 17, 1989
*332 Floyd H. Daniels and Kay Daniels, pro sese. Erin Collins, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In a timely notice of deficiency, respondent determined a deficiency in petitioners' 1984 Federal income tax and additions to tax as follows: Additions to Tax, I.R.C., Secs.
Year
Deficiency
6653(a)(1)
6653(a)(2)
1984
$ 1,438.00
$ 71.90
*
The issues for decision concern the deductibility of employee business and legal expenses claimed by petitioners. Various income adjustments made by respondent have been conceded by petitioners. FINDINGS OF FACT Petitioners resided in Los Angeles, California, at the time the petition was filed. Petitioner Floyd H. Daniels ("petitioner") has been a school teacher in the Los Angeles County School District for approximately 15 years. In 1984, petitioner taught eighth and ninth grade math at the Horace Mann Junior High School. Petitioner also was president of the teachers' faculty association at the junior high school, and he was active in the Tower I program. As president of the faculty *333 association petitioner was required to attend periodic evening meetings at the school. Petitioner's participation in the Tower I program required him to counsel students and parents in their homes after school hours as often as two or three times a week. In order to attend the meetings and make the visits to the students, petitioner used his own automobile. Petitioner was not reimbursed travel expenses by the school district. On petitioners' 1984 Federal income tax return, petitioner indicated that in 1984 he drove his automobile a total of 28,000 miles of which 10,000 related to his extracurricular responsibilities with the school district. Petitioner incorrectly calculated on the tax return the business percentage of his total automobile miles at 80 percent when it should have been 36 percent (10,000 divided by 28,000). Petitioner applied the erroneous business percentage to his total claimed automobile expenses of $ 4,157, producing a figure of $ 3,326 (to which petitioner added business parking fees of $ 40), and he claimed a total deduction of $ 3,366 on his tax return for unreimbursed employee-related automobile expenses. Respondent disallowed the entire amount for lack *334 of substantiation. During 1984 petitioner was under review by the school district for failure to meet minimum teaching standards and termination of his employment by the district was threatened. Petitioner hired an attorney and incurred legal expenses relating to this matter which apparently was resolved favorably to petitioner. Petitioner continues to teach at the Horace Mann Junior High School as of the 1988-1989 academic school year. On his 1984 tax return, petitioner claimed legal expenses relating to his employment as a teacher of $ 1,970. Respondent disallowed this deduction for lack of substantiation. OPINION Petitioner has adequately substantiated through trial testimony that 2,368 of his total 28,000 automobile miles related to his extracurricular employment-related activities as a teacher. The percentage of petitioner's total automobile expenses reflected thereby is allowed (namely, 2,368 divided by 28,000 equals 8 percent). Eight percent of petitioner's total automobile expenses of $ 4,157, or $ 333, is allowed. Petitioner's trial testimony substantiated that the total legal expenses claimed on the tax return were incurred, and that the expenses related to petitioner's *335 continued employment as a teacher. The entire legal expense deduction of $ 1,970 is allowed. Petitioners offered no meaningful evidence concerning the negligence additions to tax. Petitioners have the burden of proof with regard thereto. Rule 142, Tax Court Rules of Practice and Procedure. Prior to trial, petitioners made numerous meritless arguments. We sustain the negligence additions to tax. Decision will be entered under Rule 155.
Footnotes
*. - 50 percent of the interest due on $ 213.00↩